COOPERATIVE INSURANCE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 95292.   Promulgated May 15, 1940.

*J. Howard Reber, Esq., Clarence L. Turner, Esq., Ellsworth C. Alvord, Esq.,* and *Floyd Toomey, Esq.,* for the petitioner.

*Brooks Fullerton, Esq., C. L. Orpin, C. P. A., Murray Raffe, C. P. A.,* and *A. O. Barth, C. P. A.,* for the respondent.

1154

**OPINION.**

Disney: The principles governing the question involved are set forth in *Cooperative Power Plant*, 41 B. T. A. 1143, decided this day, in which the three corporations were involved, and need not be restated. Petitioner contends that it was nothing more than a joint account, operated as a department of Co-operative Service, through which the three corporations administered their agreement jointly to share loss resulting from their respective liabilities as self-insurers. The respondent argues that throughout the taxable years petitioner was "engaged actively in a large business enterprise."

No formal agreement was entered into for the creation or operation of petitioner. Enterprises to conduct business for profit are generally formed with more formality than an oral agreement, especially when the participants are corporations. Petitioner was not qualified to act as an insurer and the authority of the participating corporations was limited to self-insurers under the Workmen's Compensation Law of Pennsylvania. Petitioner administered only the liabilities of the respective corporations as self-insurers of their employees under the law. Reports to the state authorities of injuries were made by the employer corporation through the facilities of petitioner and the agreements entered into for compensation were between the employer and employee. Such acts as petitioner performed were not as principal, but as agent for the insuring corporation. No profit was contemplated. The contributions to the joint arrangement were fixed by state statute and the liability for injuries sustained by employees of the participants was also regulated by law. An undertaking so restricted may not be said to be a business operated for profit. The participants had no investment in the undertaking analogous to stockholders of corporations. The income from investments of reserve funds was incidental and not a primary object of the plan. The amount paid out by petitioner for the account of the respective participants was less each year than the deposit made by it for that purpose.

No provision was made for the issuance of certificates of beneficial interest or the introduction of additional members. Neither did the participants provide for assignment of their interests or for a definite life for the joint plan. The participating corporations could have withdrawn their participation at any time and the withdrawal of any two of the corporations would have terminated the undertaking. Thus the plan lacked the continuity found in corporate organizations.

There was no administration of the fund by individuals analogous to a board of directors or shareholders. The situation here in that respect is not materially different from the *Cooperative Power Plant* case. Neither was there limitation of liability similar to stockholders of corporations. The petitioner was simply a joint agency designated by the three corporations to administer their respective liabilities as self-insurers under the Workmen's Compensation Law of Pennsylvania. Its resemblance to a corporation is not sufficient to classify it as an association taxable as a corporation. Accordingly,

*Decision will be entered for the petitioner.*